SECURITIES AND EXCHANGE COMMISSION v. MACON et al.

No. 7.

District Court, D. Colorado, at Denver.
Feb. 4, 1939.

David Golden, of Washington, D. C., and Herbert S. French, of Tulsa, Okl., for Securities and Exchange Commission.

Hubert L. Shattuck, of Denver, Colo., for defendants.

SYMES, District Judge.

This suit brought under the Securities and Exchange Commission Act of 1933, particularly Section 17, 15 U.S.C.A. § 77q, is the second tried in this court for violation of that section. It is a new type of action, and I am not satisfied as to the proper method of trying these cases. It is my opinion that the evidence should be strictly limited to pro and con testimony pertinent to the actual allegations set forth in the bill. I have tried to confine it to that. Nevertheless the testimony has covered a wide field, going into collateral matters that I do not think helpful in deciding the case. I may be mistaken, but such are my views until some court of appeals passes upon the many questions of admissibility of evidence that have arisen. Irrespective of the merits of my views, I may have made it difficult for counsel to try the case. If so, I apologize.

I expressed some views in a similar case tried just before this that are applicable here, but which it is not necessary to repeat because the attorneys, some of them at least, were the same.

The development of oil wells, like mining, is highly speculative, and, as has been well said, the opinion of the best geologists is at most perhaps just a guess. Nevertheless the Congress has seen fit to enact this law which contains quite definite definitions

of what fraud is, and what shall or shall not be stated in promoting oil wells, especially in campaigns to raise money for their development. We must test the allegations and the evidence and base our result upon those definitions.

The government charges the defendants have employed devices, schemes and/or artifices to defraud, and, secondly, that they have obtained money or property by means of untrue statements of a material fact or have omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

At the outset we have an exhibit, No. 19, which would seem to indicate the state of mind of Mr. Macon during the course of or at the outset of this enterprise. He cannot be condemned solely upon the statements made therein, but they should be considered as a circumstance in deciding the intent or lack of intent to violate the statute.

Another question that has been argued is the right of a promoter or a stock salesman to rely upon statements made by so-called experts without any checking, investigation, or determination of the correctness of the same before putting them out to the public. I do not believe a salesman has the right to pass the opinion of someone else on to the public, and derive benefit therefrom in selling stock and receiving the proceeds, without being in some way responsible for such statements. Any other construction would open the way to a great many abuses, and permit people to derive profit from letters of experts irrespective of the merits or their standing in their profession, without any responsibility. That is contrary to fundamental principles applicable to actions of this kind, which, as has been well stated, are actions for fraud. Counsel have emphasized that most of the statements complained of are mere opinions. In a strict sense that is true. In a sense it is not true. Mere opinion or expression of the writer's views as to a future situation, or as to conditions which necessarily cannot be stated definitely, if relied upon by the purchaser of stock, is at his own risk. On the other hand, the expression of opinion, coupled with other statements, may amount to a statement of a material fact, although it is disguised and framed technically to be nothing more than a mere opinion. This statute requires that a full disclosure of all facts pertinent to a situation known to the seller must be made. A very vicious form of deception may consist of lifting a part of an opinion of an expert and omitting to state other parts of it. There is evidence that that was done in this case in several instances.

It is true the circular defendants filed with the Securities and Exchange Commission is innocuous so far as containing any fraudulent statements. If that were all the defendants used in their sales campaign, there would be no cause of action. That I assume was a censored document, and it had to satisfy the Exchange Commission before the defendants could register or proceed with the sale of this stock. But they did not stop there. The prospectus when sent out to their customers was accompanied in most, if not all, cases by circulars and other literature that had not been censored or submitted to the Commission. It is those circulars in most instances the government complains of.

Mr. Macon took the stand and gave an explanation in defense of every statement made that the government complains of. I was impressed as I listened to his testimony that most of it was based upon hearsay, on what people telephoned him. He said crowds of people on one or two occasions rushed out to see the well come in or to see the gas burn, or matters of that kind, all trivial, unsubstantial, and sufficient only to excite curiosity. Certainly phenomena of that kind cannot justify the positive statements as to what has been developed in a particular oil well, or what the prospects are. He may have been convinced in his own mind, but certainly all this was not sufficient, not the kind of evidence, to justify him making the statements he did in the circulars. He cannot pass such information on and escape responsibility by saying "I believed it." It would be an insult to the intelligence of any business man of experience.

Something has been said about the use of the word "may" and the word "might"; that there "might" be a well, or it "may" develop into a gusher. Language of that kind standing alone, could not be objectionable, that is, come within the statutory definition. But the trouble in this case was that it was always coupled with other statements which, considered as a whole, constituted a statement that the writer was confident of the truth of what he said. It would impress the ordinary man in the street that he sincerely believed

the statements he was making were true, and that what he said could be relied upon, especially as it was intended to be relied upon by the purchaser.

The most objectionable feature of this literature is not so much what was said, but that, as counsel once wrote, speaking of his opponent's brief, it is full of omissions. In all fairness, the writer of this literature should have set out other statements in the opinions he quotes from, which would tend to negative the quotations set out.

Taking up in order the charges in the bill: Paragraph V, subparagraph (a), page 3, conveyed the impression, in my opinion, that there is a great likelihood of a new gusher being discovered in Norris No. 1 well field. The language, considered as a whole, is persuasive that the intent was to convey the impression that they were right on the edge of discovering a gusher. On that paragraph I find for the plaintiff.

(b) refers to an undated prospectus pertaining to the acreage in which the Norris well was being drilled. The government objects because the defendants omit to state what other geologists might have said. I do not believe it was incumbent upon the defendants under the particular circumstances to give the opinions of all the geologists that might have been obtained. They state specifically who the geologists were whose reports they relied upon, and there is no claim that there might not be other geologists who might disagree. I find for the defendants.

(c) presents a very close question as I recall the evidence. There certainly was no good reason to believe $15,000 would complete the Baxter well. It may be, as the government says, that the defendants must have known $15,000 was not sufficient to deepen the well. Nevertheless it was a mere expression of opinion, and in view of the rule in a case like this, that the government must prove fraud by clear and convincing evidence, I resolve the doubt in favor of defendants and find for them on this paragraph.

I likewise find for the defendants on (d). That is as to the qualifications of Mr. Chamberlain.

(e) I find for the plaintiff. The statement was intended to be relied upon: Mr. Macon was certain "that the Norris No. 1 well is going to open up a new gusher oil field." It is a good deal strong-

er than a mere expression of opinion, and was wholly unjustified by any evidence.

The same may be said about paragraph (f). There were no reasonable grounds to believe a gusher would be found, so I find for the plaintiff.

(g) I find for the defendants. The expression of opinion is that if the pressure was relieved the well might flow. I suppose a flow of oil or gas is meant. The rest of the expression, while exaggerated, is too indefinite to constitute a representation of a material fact.

(h) I find in favor of the defendants.

(i) is different in character. Mr. Macon took a newspaper article and passed it on to his customers with expressions indicating he believed in it, and that they should and could rely upon it. I have no acquaintance with the particular newspaper from which these press articles were taken, but we know that they are not always reliable, and whether Mr. Macon believed them or not, it is clear from the context that he hoped that with his statements the public would believe in them. This he had no right to do.

(j) I find for the defendants. A clear expression of opinion, and not a misrepresentation of a material fact. They simply say they are going to continue to sell the stock at a cent and a half a share in accordance with their official filing, which stated a part of the stock was to be sold at that price.

Paragraph (k) says gas and oil has been shown. That is a clear misstatement of the evidence. There is a difference between a "trace" of oil or gas, and a "showing" of the same. I suppose every dry hole or most every dry hole that has been dug any distance has a trace of oil such as is the evidence here, that is, a little oil coming up in the core or up with the mud, the liquid used in drilling. That does not justify a statement of a showing of oil which, to my mind and the definitions, indicates oil or gas in sufficient quantities, not to amount to commercial production, but to indicate considerably more than a mere trace. There is no evidence that the tests referred to in that paragraph made the showing indicated by the language used by the defendants. I find for the plaintiff.

(l) refers to a letter dated December 16, 1937. There is no justification in this record for the statement that the Nor-

ris well or the Baxter well encountered commercial production. The evidence is quite to the contrary, and there is no excuse for such a statement. I find in favor of the government.

 Paragraph (m) is deceptive because it says that if the Norris well is continued on down to another stated horizon it may produce a Texas gusher. That, standing alone, may not be a misrepresentation, but the language following clearly indicates that whether that statement is true or not, there is already discovered a formation which, if treated with acid, will produce commercial oil. I find for the government on that paragraph.

(n) is another statement that there is commercial production in the No. 1 Baxter, and not justified by any evidence in this record. I find for the government.

(o) I find in favor of the defendants because the statement does not amount to much, and does not constitute a statement of a material fact.

(p) is very close to the line. I do not think it is justified—nor is it the kind of literature that should be sent out. But there is no misstatement of fact in it, and, being in doubt, I resolve the doubt in favor of the defendants, and find for the defendants on that paragraph.

The same ruling as to (q).

(r) I find for the defendants.

I find nothing objectionable in (s), and find for the defendants.

I find for the government on paragraphs (t) and (u).

Paragraph (v) is not objectionable under the law, so I find for the defendants.

The same in respect to (w).

Coming now to paragraph VI of the bill, the only positive testimony is that of Mr. Macon that he has on hand 250,000 shares of common capital stock of the Butler Oil & Refining Company, and his statement is that he does not propose to sell it, so we find for the defendants on that paragraph.

Paragraph VII is a mere conclusion of law. There is some evidence that the defendants have continued in business, but it is not necessary to make a finding, because it contains no statements of fact.

The plaintiff may have a decree and an injunction restraining the defendants from making any further statements of the kind set out in the paragraphs on which I have found for the government. The relief prayed for on the other paragraphs will be denied.